**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| Mahtab Arsanjani | ) | |
| 5036 Wellworth Point | ) | |
| San Diego, CA 92130 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Michael Seddigh | ) | |
| 5036 Wellworth Point | ) | |
| San Diego, CA 92130 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:_____ |
| | ) | |
| The United States of America | ) | |
| | ) | |
| **Serve:** | ) | |
| Jessie K. Liu | ) | |
| United States Attorney for the | ) | |
| District of Columbia (Acting) | ) | |
| 555 4th Street, NW | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| Civil Process Clerk | ) | |
| United States Attorney's Office | ) | |
| 555 4th Street, NW | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| William Barr | ) | |
| United States Attorney General | ) | |
| United States Dept. of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| The District of Columbia | ) | |
| | ) | |
| **Serve:** | ) | |
| Muriel Bowser | ) | |
| Mayor of the District of Columbia | ) | |
| John A. Wilson Building | ) | |

```
1350 Pennsylvania Ave., NW        )
Washington, D.C. 2004             )
                                  )
and                               )
                                  )
Karl A. Racine                    )
Attorney General of the District  )
of Columbia                       )
441 4th St., NW,                  )
Washington, D.C. 20001            )
                                  )
                                  )
Defendants.                       )
```
————————————————————————

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs, Mahtab Arsanjani and Michael Seddigh, by and through undersigned counsel, John Yannone, Esq. and the firm of Price Benowitz LLP, and file this Complaint against the above named Defendants, and for reasons state as follows:

### THE PARTIES

1.      At all times relevant hereto, Plaintiff Mahtab Arsanjani ("Arsanjani") was a citizen of the United States of America and an adult resident of the State of California.

2.      At all times relevant hereto, Plaintiff Michael Seddigh ("Seddigh") was a citizen of the United States of America and an adult resident of the State of California.

### JURISDICTION AND VENUE

3.      This suit is being brought for money damages for injuries caused by the negligence or wrongful acts or omissions of Defendants the United States of America and the District of Columbia.

4.      This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 1322(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1402(b), as this is a tort claim against the United States arising under 28 U.S.C. § 1346(b), and all of the events or omissions giving rise to this claim occurred in this District.

6.      At all times relevant hereto, the United States of America acting through the Smithsonian Institution was a "Federal Agency" within the meaning of 28 U.S.C. § 2671.

7.      Plaintiff has complied timely with 28 U.S.C. § 2401(b) by providing notice of her claim on June 13, 2018, via Standard Form 95 to the Smithsonian Institution regarding her injuries and damages which were tortuously caused by the Defendants.

8.      Plaintiff has complied timely with D.C. Code §12-309 by providing notice of her claim on October 7, 2016, via certified mail to the Office of Risk Management of the District of Columbia regarding her injuries and damages which were tortiously caused by the Defendants.

9.      The instant suit is timely under 28 U.S.C. §§ 2401(b), 2675(a).

## FACTUAL BACKGROUND

10.      On or about June 19, 2016 at approximately 3:00 p.m., Plaintiff Arsanjani was travelling on the sidewalk of Constitution Avenue, NW, at or near its intersection with 9th Street NW, in the National Mall, in the District of Columbia, and near the Smithsonian Institution National Museum of National History ("the Museum").

11.      At approximately the same time and place, a large branch of a tree outside of the Museum ("the Tree") split from the tree trunk, falling and striking Plaintiff Arsanjani suddenly and without warning.

12.      As a result of the falling branch, Plaintiff Arsanjani was pinned to the sidewalk and sustained serious, severe, and permanent injuries.

13.     At all times relevant hereto, Defendant United States of America ("USA"), by and through the Smithsonian Institution, and their agents, servants, and/or employees, exercised control over the trees and grounds outside of the Museum and on the Museum's property and its surrounding environs, including, but not limited to, the trees and grounds surrounding the intersection of Constitution Avenue, NW and 9th Street, NW, which Plaintiff Arsanjani was lawfully walking on at all relevant times, in Washington, D.C.

14.     At all times relevant hereto, Defendant USA, by and through the Smithsonian Institution, and their agents, servants, and/or employees owed a continuing duty of care to Plaintiff Arsanjani to inspect and maintain its trees, grounds, and parks in a reasonably safe condition, with due regard for dangerous conditions that pose a risk of harm to persons lawfully travelling through or near the Museum, and/or the public sidewalks surrounding Constitution Avenue, NW, at or near its intersection with 9th Street, NW.

15.     At all times relevant hereto, Defendant District of Columbia ("DC"), by and through the District of Columbia Department of Transportation, and their agents, servants, and/or employees, exercised control over the trees and grounds outside of the Museum and its surrounding environs, including, but not limited to, the trees and grounds surrounding and overhanging the public walkways at the intersection of Constitution Avenue, NW and 9th Street, NW, on which Plaintiff Arsanjani was lawfully walking on at all relevant times, in Washington, D.C.

16.     At all times relevant hereto, Defendant DC, by and through the District of Columbia Department of Transportation, and their agents, servants, and/or employees owed a continuing duty of care to Plaintiff Arsanjani to inspect and maintain its trees, grounds, and parks in a reasonably safe condition, with due regard for dangerous conditions that pose a risk of harm to

persons lawfully travelling through or near the Museum, and/or the public sidewalks surrounding Constitution Avenue, NW, at or near its intersection with 9th Street, NW.

## <u>COUNT I: Negligence</u>
### (United States of America)

17.     Plaintiff re-alleges and incorporates by reference all of the facts and allegations of paragraphs 1 through 16 above as if fully set forth herein and further alleges:

18.     The United States of America had a duty to inspect and maintain its parks, trees, and the surrounding environs so as to avoid the risk of harm or bodily injury. In particular Defendant United States of America had a duty, *inter alia*, to:

> a. Exercise ordinary care in its inspection and maintenance of the Museum, the intersection of Constitution Avenue, NW and 9th Street, NW, and their trees;

> b. Keep adequate records of inspection and maintenance protocols for trees in its control at and around the Museum, and the intersection of Constitution Avenue, NW, and 9th Street, NW;

> c. Know and/or be aware of potential risks and dangers associated with the failure of the Tree and its branches and their capacity to harm members of the public such as Plaintiff;

> d. Warn members of the public such as Plaintiff of the risks and dangers associated with the failure of the Tree and its branches; and,

> e. Secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner.

19.     Defendant United States of America breached that duty on June 19, 2016.

20.    The June 19, 2016, occurrence was caused by Defendant United States of America's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant United States of America:

        a. Failed to exercise ordinary care in its inspection and maintenance of the Museum, the intersection of Constitution Avenue, NW and 9th Street, NW, and their trees;

        b. Failed to keep adequate records of inspection and maintenance protocols for trees in its control at and around the Museum, and the intersection of Constitution Avenue, NW, and 9th Street, NW;

        c. Failed to know and/or be aware of potential risks and dangers associated with the failure of the Tree and its branches and their capacity to harm members of the public such as Plaintiff;

        d. Failed to warn members of the public such as Plaintiff of the risks and dangers associated with the failure of the Tree and its branches;

        e. Failed to secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner; and,

        f. Was otherwise negligent.

21.    As a direct and proximate result of Defendant USA's negligence, Plaintiff suffered, among other things, severe and debilitating physical injuries, including severe injuries to her head, arms, and legs, pain, emotional injuries and a diminished capacity for the enjoyment of life.

22.    As a direct and proximate result of Defendant USA's negligence, Plaintiff has incurred substantial medical and related expenses to alleviate her injuries, pain and suffering,

lost employment opportunity, lost wages, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of her customary leisure and recreational activities.

23.     All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant USA and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the attack.

WHEREFORE, Plaintiff Mahtab Arsanjani demands judgment against Defendant United States of America in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

### COUNT II: Negligence
**(District of Columbia)**

24.     Plaintiff re-alleges and incorporates by reference all of the facts and allegations of paragraphs 1 through 23 above as if fully set forth herein and further alleges:

25.     The District of Columbia had a duty to inspect and maintain its parks, trees, and the surrounding environs, as well as those that are not owned by Defendant, but that traverse, overhang, and are within sufficient proximity to affect the sidewalks and streets of the District of Columbia, so as to avoid the risk of harm or bodily injury. In particular Defendant District of Columbia had a duty, *inter alia*, to:

> a. Exercise ordinary care in its inspection and maintenance of the public roadways and sidewalks surrounding the Museum and the intersection of Constitution Avenue, NW, and 9th Street, NW, and their trees;

b. Keep adequate records of inspection and maintenance protocols for trees within its control on the public roadways and sidewalks surrounding the Museum and the intersection of Constitution Avenue, NW and 9th Street, NW;

c. Know and/or be aware of potential risks and dangers associated with the failure of the Tree and its branches and their capacity to harm members of the public such as Plaintiff;

d. Warn members of the public such as Plaintiff of the risks and dangers associated with the failure of the Tree and its branches; and,

e. Secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner.

26.    Defendant District of Columbia breached that duty on June 19, 2016.

27.    The June 19, 2016, occurrence was caused by Defendant District of Columbia's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant District of Columbia:

a. Failed to exercise ordinary care in its inspection and maintenance of the public roadways and sidewalks surrounding the Museum and the intersection of Constitution Avenue, NW, and 9th Street, NW, and their trees;

b. Failed to keep adequate records of inspection and maintenance protocols for trees within its control on the public roadways and sidewalks surrounding the Museum and the intersection of Constitution Avenue, NW and 9th Street, NW;

c. Failed to know and/or be aware of potential risks and dangers associated with the failure of the Tree and its branches and their capacity to harm members of the public such as Plaintiff;

d. Failed to warn members of the public such as Plaintiff of the risks and dangers associated with the failure of the Tree and its branches;

e. Failed to secure and/or remove any and all trees, limbs, branches, and/or debris that posed a threat of harm or bodily injury in a timely manner; and,

f. Was otherwise negligent.

28.     As a direct and proximate result of Defendant DC's negligence, Plaintiff suffered, among other things, severe and debilitating physical injuries, including severe injuries to her head, arm, and legs, pain, emotional injuries and a diminished capacity for the enjoyment of life.

29.     As a direct and proximate result of Defendant USA's negligence, Plaintiff has incurred substantial medical and related expenses to alleviate her injuries, pain and suffering, lost employment opportunity, lost wages, loss of time and enjoyment from her customary leisure and recreational activities, and impairment of her customary leisure and recreational activities.

30.     All of Plaintiff's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant DC and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff and without an opportunity for Plaintiff to avoid the attack.

WHEREFORE, Plaintiff Mahtab Arsanjani demands judgment against Defendant District of Columbia in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

## COUNT II: Loss of Consortium
### (All Defendants)

31.     Plaintiffs re-allege and incorporate by reference all of the facts and allegations of paragraphs 1 through 30 above as if fully set forth herein and further allege:

32.     Plaintiffs Mahtab Arsanjani and Michael Seddigh are, and were, husband and wife at the time of the occurrence which is the subject matter of this Complaint, and continue to be husband and wife.

33.     The negligent conduct of the Defendants United States of America and District of Columbia, as fully set forth above, caused injury to the marital relationship of the Plaintiffs, including, but not limited to, loss of society, affection, assistance, companionship, and loss of intimacy and sexual relations.

WHEREFORE, Plaintiffs Mahtab Arsanjani and Michael Seddigh demand judgment against Defendants United States of America and District of Columbia in the amount of Five Million Dollars ($5,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, and if applicable, attorney's fees, and the costs of pursuing.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:_____/s/*John J. Yannone, Esq.*_____
        John J. Yannone, Esq.
        Federal Bar No. 452458
        409 7th Street, N.W., Suite 200
        Washington, D.C. 20004
        John@Pricebenowitzlaw.com
        (202) 417-6015
        (301) 244-6659 (f)
        *Attorney for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on all eligible claims raised herein.

/s/*John J. Yannone, Esq.*_____
John J. Yannone, Esq.