IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI, *Plaintiffs,* v. UNITED STATES OF AMERICA, *et al.,* *Defendants.* | Case No. 19-01746 (JEB) |

## JOINT MEET AND CONFER STATEMENT

Pursuant to the Court's December 16, 2019 Minute Order, Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the Parties conferred by telephone on January 14, 2020 and email on January 15 and 27, 2020, and hereby submit this Joint Report to the Court.

I. **Parties' Statement of the Case**

    a. **Plaintiff's Statement of the Case:** On or about June 19, 2016, at approximately 3:00 p.m., Plaintiff was travelling on the Connecticut Avenue, NW, sidewalk, at or near its intersection with 9th Street, NW, near the Smithsonian Institution Museum of National History. As Plaintiff was walking, a large branch from a tree outside of the Museum fell and struck Plaintiff causing severe and significant injuries to her person. Plaintiff alleges that Defendants were negligent in their maintenance of the tree, which proximately caused Plaintiff's injuries, and as such are liable for Plaintiff's damages. Plaintiff seeks $5,000,000.00 in damages.

1

b. **Defendant District of Columbia's Statement of the case:** Plaintiff alleges that she was traveling on the sidewalk of Constitution Avenue, near 9th Street, NW when a branch from a nearby tree fell and struck her.  The Defendant District of Columbia denies liability in this case and denies that Plaintiff is entitled to any relief whatsoever.  The District incorporates by reference, all defenses set forth in the District's Answer to the Amended Complaint.

c. **Defendant United States of America's Statement of the Case**:  Plaintiff brings this case against the United States and the District of Columbia alleging personal injury when struck by a falling tree branch while walking on the public sidewalk outside of the National Museum of Natural History on June 19, 2016.  Plaintiff seeks $5,000,000.00 in damages.  Defendant United States denies committing any negligent act and denies proximately causing the damages alleged.

II. **Local Civil Rule 16.3 Topics**

1. **Likelihood this Case will be Disposed of by Dispositive Motion**

The Plaintiff believes that the case will not be resolved by dispositive motions.  The United States and District of Columbia believe that this case will be resolved by dispositive motions.

2. **Date for Joining Other Parties and Amendment of Pleadings**

At this time, the Parties are unaware of any other parties to be joined.  However, any additional parties shall be joined and/or the pleadings amended no later than **March 4, 2020**.

3. **Assignment to a Magistrate Judge**

The Parties do not consent to this case being assigned to a magistrate judge.

4.     **Possibility of Settlement**

The Parties believe that it is premature to determine if settlement is appropriate and are willing to explore settlement after the close of discovery.

5.     **Alternative Dispute Resolution**

The Parties are generally open to mediation/ADR, but do not believe early mediation/ADR would be useful here.  The Parties will discuss whether mediation may be appropriate as the case progresses.

6.     **Initial Disclosures**

The Parties will provide initial disclosures to one another by **February 18, 2020**.

7.     **Discovery**

The Parties request that the Court enter a scheduling order reflecting the following agreements, to promote the just, speedy, and efficient determination of this action.  All parties agree with all dates set here, except that the District proposes that the Court set the dates for dispositive motions briefing at a post-discovery status conference.

| Event | Date |
| --- | --- |
| Initial Disclosures to Be Served | Feb 18, 2020 |
| Joinder of Other Parties | March 4, 2020 |
| Deadline for Completion of Fact Discovery | September 18, 2020 |
| Proponent's Expert Reports to Be Served | June 30, 2020 |
| Opponent's Expert Reports to Be Served | July 30, 2020 |
| Rebuttal Expert Reports to Be Served | August 17, 2020 |
| Dispositive Motions to Be Filed | Nov. 17, 2020 |
| Briefs in Opposition to Dispositive Motions to Be Filed | Jan. 1, 2021 |
| Reply Briefs in Support of Dispositive Motions to Be Filed | Jan. 31, 2021 |

   **a.** **Written Discovery**.  Unless ordered by the Court for good cause shown: (i) no Party shall be required to respond to more than twenty-five (25) interrogatories pursuant to Fed. R. Civ. P. 33, and (ii) no party shall be required to respond to more than thirty (30) requests for production of documents and thirty (30) requests for admission pursuant to Fed. R. Civ. P. 34, 36 respectively, excluding requests for admission directed solely to the authenticity of documents.

   **b.** **Depositions**.  The Parties agree that each party may take up to ten (10) depositions (excluding expert depositions).

   **c.** **Search Protocol.**  The District proposes that the Parties will confer about the search parameters and terms governing any request for the production of emails under Fed. R. Civ. P. 26.  Such agreement would outline:

    (1) identification of custodians to be searched;

    (2) identification of the date range to be searched;

    (3) identification of search terms;

    (4) understanding of methodology for conducting the searches and review.

   The United States and Plaintiff do not agree with the District's proposal. The United States and Plaintiff agree to confer with the District about search protocols that the District plans to implement for any search the District conducts for its own records.  The United States and Plaintiff cannot commit at this point, however, to reaching an agreement with the District about all such items before it conducts any searches of its own records.   Rather, the United States and Plaintiff propose that such matters be handled during the typical meet and confer process governing discovery and, where there is a disagreement, through the Court's intervention.

    d.  **Electronically Stored Information**.

    (1)  The District proposes producing electronically stored information (ESI) metadata to one another as follows, under the limitations set forth in Fed. R. Civ. P. 26(b): The District requests that ESI production and imaged hard copy documents, including email, should be rendered to TIFF image format and accompanied by an image cross reference (load) file; and all applicable metadata should be extracted and provided in load file format.

    (2)  The United States and Plaintiff propose producing documents (including e-mails) in PDF format.

  8.  **Protective Order.**

The United States and District of Columbia anticipate that the Parties will seek a protective order. The Plaintiff does not anticipate needing a protective order.

  9.  **Expert Reports.**

Proponents shall identify any expert witness and serve any expert witness reports and information pursuant to Fed R. Civ. P. 26(a)(2) by **June 30, 2020**.  Opponents shall identify any expert witness and serve any expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) by **July 30, 2020**.  Depositions of experts shall be completed by no later than **September 18, 2020**.

  11.  **Dispositive Motion Schedule.**

Dispositive motions shall be filed by **November 17, 2020**, oppositions shall be filed by **January 1, 2021**, replies shall be filed by **January 31, 2021**.

  The District proposes that the Court set a briefing schedule for dispositive motions at a post-discovery status conference.

  12.  **Class Actions.**

Not applicable.

**13.     Bifurcation and Phases.**

At this time the Parties do not believe that discovery and/or trial should be bifurcated or managed in phases; however, the Parties reserve the right to move for bifurcation if it appears appropriate at a later time.

**14.     Pretrial Conference Schedule.**

The Parties request that pretrial conferences be scheduled after dispositive motions are decided.

**15.     Trial Date**

The Parties request that trial dates be scheduled at the pretrial conferences.

**16.     Other Matters**

The Parties request that the Court set a status conference after the deadline to depose expert witnesses and before the deadline to file dispositive motions (September 18, 2020- November 17, 2020).  The matters to be discussed will be whether any dispositive motions will be filed by any of the Parties, and whether there are any outstanding discovery issues.  The District proposes that the Court set a dispositive motions briefing schedule at that time if appropriate.

Dated: January 28, 2020                                         Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:      */s/ John J. Yannone*
John J. Yannone, Esq.
John@PriceBenowitzlaw.com
Arren T. Waldrep, Esq.
Arren@PriceBenowitzlaw.com
Price Benowitz, LLP
409 7th Street, NW, Suite #200
Washington, D.C. 20004

        Phone:  (202) 417-6015
        Fax:  (301) 244-6659
        *Attorneys for Plaintiff*

        and

        KARL A. RACINE
        Attorney General for the District of Columbia

        CHAD COPELAND
        Deputy Attorney General
        Civil Litigation Division

        /s/ Michael K. Addo
        MICHAEL K. ADDO [1008972]
        Chief, Civil Litigation Division Section IV

        /s/Denise Katz-Prober
        DENISE KATZ-PROBER [1013442]
        Assistant Attorney General
        441 Fourth Street, NW, Suite 630 South
        Washington, D.C. 20001
        (p) (202) 724-6644
        (f) (202) 741-0445
        (e) denise.katz-prober@dc.gov

        *Counsel for Defendant District of Columbia*

        and

        JESSIE K. LIU
        D.C. Bar #472845
        United States Attorney

        DANIEL F. VAN HORN
        D.C. Bar #924092
        Chief, Civil Division

By:   */s/ Brian J. Field*
        BRIAN J. FIELD
        D.C. Bar #985577
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2551

E-mail: Brian.Field@usdoj.gov

*Counsel for United States of America*