IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:19-CV-01746-JEB |
| ) | |
| UNITED STATES OF AMERICA, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' INITIAL DISCLOSURES**

COMES NOW, Plaintiff Mahtab Arsanjani, by and through her attorneys, John J. Yannone, Esq., Arren T. Waldrep, Esq., and Price Benowitz, LLP, and hereby make the following initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1):

These disclosures are based on information presently known and reasonably available to Plaintiff and which Plaintiff reasonably believes she may use in support of her claim against Defendants. Discovery is ongoing and may cause Plaintiff to amend these initial disclosures by identifying other potential witnesses and documents. Plaintiff accordingly reserves the right to supplement these initial disclosures.

By providing these initial disclosures, Plaintiff does not represent that she is identifying every document, tangible thing, or witness possibly relevant to this action. Additionally, these disclosures are made without Plaintiff waiving her right to object to any discovery request or proceeding involving, or relating to, the subject matter of these disclosures on any grounds, including, competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds for such objections. Further, these disclosures are not an admission by Plaintiff regarding any matter.

1

Any and all disclosures set forth below are subject to the above qualifications and limitations.

**I.     Individuals**

In accordance with Rule 26(a)(1)(A)(i), Plaintiff identifies the following individuals that are likely to have discoverable information that Plaintiff currently believes she may use to support her claims and defenses in this action, and identify the subjects of the information currently believed to be known by each individual. Plaintiff reserves the right to supplement the following list after further discovery and investigation.

1. Plaintiff, Mahtab Arsanjani: details of the occurrence;

2. Michael Seddigh: details of the occurrence and Plaintiff's harms and losses;

3. Saam Seddigh: details of the occurrence and Plaintiff's harms and losses;

4. Defendant the United States of America, and its agents, servants, and employees: details of the occurrence;

5. Defendant the District of Columbia, and its agents, servants, and employees: details of the occurrence;

6. Any and all witnesses who were at or near Constitution Avenue, NW, at or near its intersection with 9th Street, NW, on the National Mall, in the District of Columbia, and near the Smithsonian Institution of Natural History;

7. Any and all officers, personnel, and/or staff who arrived at the scene of the occurrence after Plaintiff was injured including, but not limited to, DC Metropolitan Police and Park Police, including, but not limited to Officers Desmond R. Belle, William Branch III, Roger Knight, Robert Marcus McKinney, and Andrew C. Walker: details of the occurrence;

8. Any and all personnel, employees, staff, and/or contractors employed by the

Smithsonian Institution of Natural History, or responsible for the servicing, maintenance, and/or upkeep of the grounds at or around the Smithsonian Institution of Natural History.

9. Any and all personnel, employees, staff, and/or contractors employed by the United States, or responsible for the servicing, maintenance, and/or upkeep of the grounds at or around the National Mall, including, but not limited to the premises and areas surrounding the Smithsonian Institution of Natural History.

10. Any and all personnel, employees, staff, and/or contractors employed by the District of Columbia, or responsible for the servicing, maintenance, and/or upkeep of the grounds at or around the National mall, including, but not limited to the premises and areas surrounding the Smithsonian Institution of Natural History.

11. Any and all emergency medical technicians who arrived at the scene of the occurrence after Plaintiff was injured including, but not limited to, DC Fire & EMS: details of the occurrence and treatment;

12. Any and all treating physicians, therapists, and/or other medical providers at George Washington University Hospital, including, but not limited to Babak Sarani, M.D.: medical history and treatment;

13. Any and all treating physicians, therapists, and/or other medical providers at George Washington University Medical Faculty Associates, including, but not limited to Martin S. Kneller, M.D.: medical history and treatment;

14. Any and all treating physicians, therapists, and/or other medical providers at Kaiser Permanente Carmel Valley in San Diego, CA, including, but not limited to Ai Quach, M.D.: medical history and treatment;

15. Any and all treating physicians, therapists, and/or other medical providers at Kaiser

Head & Neck Surgery – Garfield Clinic in San Diego, CA, including, but not limited to Alexander Battaglia, M.D.: medical history and treatment;

16. Any and all treating physicians, therapists, and/or other medical providers at Neurosurgery Kaiser Permanente Zion Medical Center in San Diego, CA, including, but not limited to Jeffrey Lee, M.D.: medical history and treatment;

17. Any and all treating physicians, therapists, and/or other medical providers at Orthopedics Kaiser Permanente – Garfield Medical Office in San Diego, CA, including, but not limited to Larry Williams, M.D.: medical history and treatment;

18. Any and all treating physicians, therapists, and/or other medical providers at PsyCare, Inc. in San Diego, CA, including, but not limited to Jennifer Morris, MFT: medical history and treatment;

19. Any and all treating physicians, therapists, technicians, and/or other medical providers not otherwise named herein;

20. Any and all witnesses identified by Defendants with personal knowledge pertaining to the subject occurrence or Plaintiff's damages;

21. Plaintiff reserves the right to call any witness identified on Defendants' witness list and/or identified by the parties at any time during the course of this litigation;

22. Any and all witnesses identified in written discovery of the parties and/or their respective depositions;

23. Any and all witnesses who are identified or discovered after the filing of Plaintiff's initial disclosures;

24. Plaintiff reserves the right to call any witness identified by any party to be called as an

expert at the trial of this case, regardless of whether or not the identifying party remains a party throughout the trial of this matter;

25. Any necessary custodian, custodians of records, or medical billing specialists;

26. Any individual identified by any party as a witness or as having discoverable evidence during the course of discovery, including depositions, in this matter;

27. Any expert designated by Plaintiff or Defendants pursuant to the Court's Scheduling Order;

28. Plaintiff reserves the right to call any rebuttal and/or impeachment witnesses that have not been previously identified herein;

29. Plaintiff reserves the right to call any individual who was deposed, including, but not limited to corporate designee deponents, regardless as to whether or not those witnesses are advanced as corporate designees at trial;

30. Plaintiff reserves the right to call as witnesses any individuals who may be necessary to authenticate or otherwise provide the foundation for the admissibility of any documents or things, which they seek to introduce into evidence, but to which there is no applicable stipulation amongst the parties.

**II.    Documents**

In accordance with Rule 26(a)(1)(A)(ii), Plaintiff identifies the following documents, electronically stored information, or tangible things that are in its possession, custody, or control, which have not previously been produced in discovery, that Plaintiff may use to support her claims.

1. Documents to be produced in response to discovery requests;
2. Any and all medical records and bills related to this incident;
3. Any and all photos related to this incident;

    4. Any and all videos related to this incident;

    5. Any and all investigative reports related to this incident;

    6. Any and all policies, guidelines, memoranda, regulations, and/or protocols relating to the servicing, maintenance, and upkeep of trees under the control of the United States, the District of Columbia, and the Smithsonian Institution of Natural History.

    7. Plaintiff reserves the right to protect from production the following: (a) correspondence and other documents prepared in anticipation of litigation; (b) internal memoranda, reports, and correspondence; (c) notes and correspondence of counsel, and; (d) any other type of work product, attorney work product, attorney-client communications and documents that set forth the mental impressions, conclusions, opinion, or legal theories of counsel or other representatives concerning Plaintiff's claims and/or this litigation.

    8. Plaintiff reserves the right to rely on and use any documents, data compilations, or tangible things identified by any other party and/or obtained or produced by any party or third party(ies);

Plaintiff continues its investigation of the facts and circumstances surrounding the claims and defenses in this action and reserves the right to disclose additional documents, electronically stored information, or tangible things in accordance with Rule 26(e).

### III.    Damages

Plaintiff is seeking approximately $96,207.47 in compensation for medical expenses from the following:

1. DC EMS for $521.10;
2. George Washington University Hospital for $78,619.37;
3. Medical Faculty Associates for $3,096.00;
4. Kaiser Permanente for $9,045.00;

6

    5. Psycare, Inc. for $1,830.00

Plaintiff is seeking approximately $42,960.00 in lost wages from 2016. Plaintiff Arsanjani works as a pharmacist at Kaiser Permanente, where she earns approximately $80.00 per hour. As a result of the accident, she was unable to work for 537 hours.

Plaintiffs are also seeking compensatory damages for pain and suffering and for the permanency of Plaintiff Arsanjani's injuries, in an amount to be determined by a jury.

### IV.     Insurance Agreements

There are no claims against Plaintiff which would necessitate an insurance policy under Rule 26(a)(1)(A)(iv).

                                                      Respectfully submitted,

                                                      **PRICE BENOWITZ, LLP**

By:  /s/ *John Yannone*
      John J. Yannone, Esq. (DC Bar # 452458)
      409 7th Street, NW, Suite 200
      Washington, D.C. 20004
      Tel:  (202) 417-6015
      Fax:  (301) 244-6659 (f)
      Email:  john@pricebenowitzlaw.com
      *Attorney for Plaintiff*

/

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of February, 2020, a true and accurate copy of the foregoing was served electronically via the DC ECF court filing system to:

Brian J. Field, Esq.
555 Fourth Street, NW
Washington, DC 20530
*Attorney for Defendant United States*

Denise L. Katz-Prober, Esq.
441 Fourth Street, NW
Suite 630 South
Washington, DC 20001
*Attorney for Defendant District of Columbia*

                                                                                                                        /s/ John J. Yannone
                                                                                                                        John J. Yannone, Esq.