UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants*. | Civil Action No.: 19-01746 (JEB) |

**STIPULATED PROTECTIVE ORDER**

This is an action in which Plaintiff advances tort claims against Defendants United States of America and the District of Columbia (collectively, "Defendants"). Defendants deny those allegations. Certain information and records that may be relevant to those claims are protected by contract, the Privacy Act of 1974, the Health Insurance Portability and Accountability Act ("HIPAA"), or otherwise may be deserving of protection from public disclosure. In order to permit the Parties to have access to and use such information for purposes of this litigation without undermining legitimate privacy concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties stipulate, and it is hereby ORDERED:

1. Defendant United States is hereby authorized to release information protected by the Privacy Act, HIPAA, or any other provision of law protecting release of such information, provided that the release of such information is reasonably related to the conduct of this litigation and falls within the type of information identified in paragraph 2 below.

2. Counsel for any Party, as well as any non-party (or the non-party's counsel) responding to a subpoena in this matter, may initially designate as "PROTECTED" hereunder documents or information to the extent counsel deems, in good faith, that the documents or

information are otherwise prohibited from release, or that the documents or information contain confidential trade secrets or commercial information, or would constitute an unreasonable invasion of privacy if disclosed publicly.

3. In designating information as protected, the Party (or non-party if applicable) so designating it shall identify the protected information with specificity in writing or by placing a "PROTECTED" label or stamp on a document or group of documents. Any Party may, at any time, object to the designation of information as protected. In the event of any such objection, the designating Party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting Party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

4. Protected information provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Protected information may be used only for purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) the Parties and their counsel (including a counsel's firm and its employees, and consultants, experts and vendors providing litigation support services retained to assist such counsel specifically for purposes of this litigation); (ii) counsel for Defendant United States and support staff in the United States Attorney's office, agency counsel, and other employees of the United States government who have a need to know the protected information for the defense or prosecution of this case, and consultants, experts and vendors providing litigation support services retained by the Defendant United States specifically for the purposes of this litigation; (iii) witnesses and potential witnesses in this case; (iv) the person whose privacy interests are

meant to be protected with respect to any particular document; (v) court reporters and/or videographers who record and/or transcribe proceedings in this case; and (vi) the Court and its Clerk and other support personnel.

      (b)    It shall be the responsibility of each Party to bring this order to the attention of their respective outside consultants and experts to whom they disclose protected information, and to insure that all such persons comply with the terms of this order.

      (c)    All material containing protected information shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals); provided, however, that one copy of such material and any legal memoranda, transcripts, briefs, and work product containing protected information may be retained for archival purposes if such materials are kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and are not in the future disclosed contrary to the provisions of this order.

      (d)    Counsel shall endeavor to avoid revealing protected information in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected information in any such oral proceeding, that counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this order.

5.    If any party files any motion, opposition, reply or any other document prior to trial and attaches thereto or sets forth therein a record, or the relevant portion of a record, that has been designated as "PROTECTED" pursuant to this Order (including, by way of example but not limitation, discovery materials such as excerpts of depositions or responses to interrogatories,

document requests, and admission requests), the parties shall, where the protected information is not readily segregable from the filed document, file two copies of such document ("Version One" and "Version Two") with the Court. Version One shall redact only the specific information designated as "PROTECTED" pursuant to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed as an attachment to a motion for leave to file Version Two under seal. Where the protected information is readily segregable (such as, for instance, a single exhibit to a motion), only the segregable document shall be filed as an attachment to a motion for leave to file under seal as stated herein but the remainder of the filing shall be filed on the public record.

6. The Parties shall promptly report any breach of the provisions of this order to the Court and the Party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, the Party responsible for any breach shall immediately take appropriate action to cure the violation and retrieve any confidential information that may have been disclosed to persons not covered by this order. The Parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

7. By providing any document or other information in its possession, no Party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

8. Pursuant to 5 U.S.C. § 552a(b)(11), the Parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Order, and nothing contained herein shall be construed as precluding Plaintiff or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to

such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

9. Nothing contained herein shall restrict the Government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

10. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by an Order of the Court, and a designating party may terminate any specific part or parts of the restrictions imposed by this protective order with respect to documents or information designated by that party as "Protected" under this Order by letter to counsel for the opposing party.

11. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

12. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

13. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order, including with respect to the addition of other types of information that may be designated as Protected under this Order.

December 1, 2020    Respectfully submitted,

*/s/ John J. Yannone*
John J. Yannone, Esq.
John@PriceBenowitzlaw.com
Arren T. Waldrep, Esq.
Arren@PriceBenowitzlaw.com
Price Benowitz, LLP
409 7th Street, NW, Suite #200
Washington, D.C. 20004
Phone: (202) 417-6015
Fax: (301) 244-6659

*Attorneys for Plaintiff*

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division

By:     */s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

*Counsel for Defendant United States*

s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
Assistant Attorney General
Civil Litigation Division Section IV
400 6th St. N.W.
Washington, D.C. 20001
202-724-6652 (phone)
202-730-0624 (fax)
benjamin.bryant@dc.gov

*Counsel for Defendant District of Columbia*

It is so ORDERED by the Court this _____ day of _____ 2020.

_____
United States District Judge