# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:19-CV-01746-JEB |
| ) | |
| UNITED STATES OF AMERICA, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSENT MOTION FOR EXTENSION OF TIME TO COMPLETE FACT DISCOVERY

COMES NOW, Plaintiff Mahtab Arsanjani, by and through her undersigned counsel, and with the consent of Defendant United States of America and Defendant District of Columbia, and hereby respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 6(b), to extend the current discovery schedule in this matter. As set forth below, there is good cause to grant the requested extension.

Currently, fact discovery is set to close in this matter on March 17, 2021. *See* Order on Joint Motion for Extension of Time to Complete Discovery, December 15, 2020. The Parties have recently completed written discovery and are currently engaged in depositions. As of the date of this Motion, the Parties have deposed six fact witnesses, including, Plaintiff Mahtab Arsanjani, Jeffrey Schneider, the Deputy Director and Grounds Manager of the Smithsonian Gardens, James Gagliardi, a Horticulturalist with the Smithsonian Gardens, Jacob Hendee, the current Arborist with the Smithsonian Gardens, Gregory Huse, the Arborist with the Smithsonian Gardens at the time of the incident, and Robert "Duff" McCully, an Urban Forester with the District Department of Transportation.

At present, the Parties are in the process of scheduling a deposition for a forthcoming Federal Rule of Civil Procedure 30(b)(6) witness, to be identified by Defendant District of Columbia. This forthcoming witness will be deposed on the following topics, including, but not limited to: (1) the responsibility of the District Department of Transportation for branches overhanging District of Columbia streets; (2) District Department of Transportation pruning protocols regarding branches overhanging roadways, sidewalks, and/or traffic lights; (3) information and/or documents concerning the installation of the District Department of Transportation traffic light at the corner of 9th Street and Constitution Avenue in the District of Columbia, and whether the District Department of Transportation has ever performed maintenance of the overhanging branches there; (4) the responsibility of the District Department of Transportation for maintenance of 9th Street and Constitution Avenue and it's intersections; (5) the roles and responsibilities of the District Department of Transportation's arborists and/or foresters; (6) any communications with the District Department of Transportation regarding the health and structure of the elm tree in question; (7) any District Department of Transportation policies and/or procedures regarding tree inspection and safety outside of the ANSI standards; and (8) any policies and/or procedures regarding the District Department of Transportation's determination of whether a tree limb and/or branch is a safety risk. The Parties are unable to complete this 30(b)(6) deposition prior to the fact discovery deadline of March 17, 2021, due to scheduling difficulties with the Parties individual calendars and the availability of the forthcoming 30(b)(6) witness. The Parties have tentatively scheduled this 30(b)(6) deposition for May 17, 2021.

Moreover, as mentioned in the Parties previous Joint Motion for Extension of Time to Complete Discovery, filed with this Court on or about December 15, 2020, Plaintiff would also like to depose two additional witnesses to the incident at issue, who were also struck by the falling

tree limb that struck Plaintiff. The identities of these witnesses were disclosed in Defendant United States' Production of Documents on or about November 4, 2020. *See* Defendant United States' Production of Documents at SI_0250-SI_0271. Since that time, Plaintiff has contacted both witnesses and has received a response from one. In order to gather the sufficient facts necessary to proceed in the instant matter, Plaintiff is currently attempting to schedule depositions for one or both of these witnesses and will request subpoenas of these witnesses by the Court if it becomes necessary.

Further, as was previously stated in Defendant United States' Motion for Extension of Time to Complete Discovery, submitted to this Court on or about October 13, 2020, and in the Parties Joint Motion for Extension of Time to Complete Discovery, submitted to this Court on or about December 15, 2020, all Parties would like to complete fact discovery before fully proceeding to expert discovery. *See* Defendant United States' Federal Defendant's Motion for Extension of Time to Complete Discovery, ¶ 2; Joint Motion for Extension of Time to Complete Discovery, ¶ 2. Accordingly, Plaintiff respectfully requests that the Court extend the current discovery deadlines, both for fact discovery and expert discovery, by ninety (90) days, so that the Parties can sufficiently complete all discovery in an orderly manner.

The current Scheduling Order in this case, setting forth all discovery deadlines, is as follows, along with Plaintiff's proposed modifications of said deadlines by ninety (90) days:

| **Event** | **Current Deadline** | **Modified Deadline** |
|---|---|---|
| Fact Discovery Completion | 03/17/2021 | 06/15/2021 |
| Opponents' Expert Reports Due | 03/29/2021 | 06/27/2021 |
| Proponent's Rule 26(a)(2) Report Due | 03/29/2021 | 06/27/2021 |
| Proponent's Rebuttal Expert Reports Due | 04/18/2021 | 07/17/2021 |
| Opponents' Rule 26(a)(2) Reports Due | 04/18/2021 | 07/17/2021 |
| Expert Discovery Completion | 05/17/2021 | 08/15/2021 |

Further, Plaintiff respectfully requests that the Court vacate the current May 21, 2021 post-discovery status conference and reschedule that status conference for a date after Expert Discovery is completed, after the proposed modified deadline of August 15, 2021, for a date that is convenient for this Court. Indeed, the requested additional time is in the best interest of all Parties as it will allow them further time to complete all discovery and potentially resolve the matter through settlement. This extension is sought in good faith and not for purposes of delay.

WHEREFORE, Plaintiff Mahtab Arsanjani, by and through her undersigned counsel, and with the consent of Defendant United States of America and Defendant District of Columbia, prays that this Honorable Court: (1) grant the foregoing Consent Motion for Extension of Time to Complete Discovery; (2) extend all current discovery deadline by ninety (90) days; (3) vacate the current post-discovery status conference set for May 21, 2021 and reschedule said post-discovery status conference for a date that is convenient for this Court, after Expert Discovery is completed on the proposed modified deadline of August 15, 2021; and, (4) for such other and further relief as this Court deems necessary and proper.

March 16, 2021

Respectfully Submitted,


By:___/s/ John J. Yannone_____
John J. Yannone, Esq. (DC Bar # 452458)
Arren T. Waldrep, Esq. (DC Bar # 999861)
Price Benowitz, LLP
409 7th Street, NW, Suite 200
Washington, D.C. 20004
(202) 417-6000 (p)
(301) 244-6659 (f)
john@Pricebenowitzlaw.com
arren@Pricebenowitzlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of March, 2021, a true and accurate copy of the foregoing Consent Motion for Extension of Time to Complete Discovery was served electronically via the DC ECF court filing system and via email to:

Brian J. Field, Esq.
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2551 (p)
Brian.Field@usdoj.gov
*Attorney for Defendant United States of America*

and

Benjamin E. Bryant, Esq.
John J. Bardo, Esq.
Assistant Attorneys General
Civil Litigation Division Section IV
400 6th Street, NW
Washington, DC 20001
(202)-724-6534 (p)
(202) 730-0624 (f)
benjamin.bryant@dc.gov
john.bardo@dc.gov
*Attorneys for Defendant District of Columbia*

                                                                                             /s/ John J. Yannone
                                                                                             John J. Yannone, Esq.