UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI,<br><br>　　　　　　*Plaintiff,*<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>　　　　　　*Defendants*. | Civil Action No. 19-1746 (JEB) |

**DEFENDANT UNITED STATES OF AMERICA'S CONSENT MOTION FOR EXTENSION OF TIME TO COMPLETE EXPERT DISCOVERY *NUNC PRO TUNC***

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), Defendant, the United States of America (the "United States"), by and through undersigned counsel, respectfully moves for an extension of time to complete expert discovery pending mediation. Pursuant to Local Civil Rule 7(m), undersigned counsel for the United States conferred with Plaintiff and the District of Columbia (the "District"), and both parties, through counsel, graciously consented to the requested relief. The grounds for this motion are set forth below:

　　　1.　　On June 19, 2016, at approximately 3:00 p.m., Plaintiff alleges she was struck by a tree branch while walking on the sidewalk located at Constitution Avenue, NW, at or near its intersection with 9th Street, NW, in the District of Columbia. *See* Compl., ECF No. 1. The Court ordered that all expert depositions shall be completed by November 29, 2021. *See* September 29, 2021, Minute Order.

　　　2.　　This week, the parties agreed to pursue mediation in this matter. Accordingly, the United States respectfully requests an extension of time to depose Plaintiff's expert pending the

outcome of mediation. As discussed more fully below, there is good cause, and the United States "failed to act because of excusable neglect."

3. Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines, even after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016). Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship,* 507 U.S. 380, 395 (1993). Generally, "excusable neglect" does not require counsel to have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2015). There must be "some reasonable basis" for not meeting a filing deadline. WRIGHT & MILLER, *supra,* § 1165.

4. The factors to consider whether an act is excusable include: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (applying the four *Pioneer* factors); *see also Cohen*, 819 F.3d at 479-80 (same).

5. There is good cause for granting this motion and the *Pioneer* factors all weigh in favor of the United States. Earlier this month, the parties conferred and proposed deposition dates for Plaintiff's and the United States' expert.[1] The United States proposed deposing Plaintiff's expert witness on November 22, 2021 and requested additional information, which was necessary

---

[1] The United States' expert deposition was held on November 16, 2021.

to fill out the required "purchase order" form and secure payment for the deposition. Unfortunately, the United States was unable to go forward with the deposition on November 22, 2021 because it did not receive the required information in time to complete the necessary forms and secure the funds to pay for the deposition. Nevertheless, on or about November 16, 2021, Plaintiff and the District graciously consented to extend the deadline by a few weeks in order to allow the United States time to depose Plaintiff's expert. The United States delayed filing the motion at that time because the attorneys for the United States and the Smithsonian Institution needed additional time—due to schedules, opportunity to confer with supervising attorneys, and the holiday—to discuss the best approach in defending this matter. The United States is interested in participating in mediation and, if necessary, would like to depose Plaintiff's expert at a later time.

6. On November 29, 2021, undersigned counsel contacted the parties again to get their position on the requested relief—mediation and extending the time to complete expert discovery—and Plaintiff, through counsel, consented to the requested relief the same day. Although the deadline was November 29, 2021, undersigned counsel wanted to give the District an opportunity to respond and therefore delayed the filing of this motion. The District responded the next day. After receiving a response from the parties, the United States immediately filed this instant motion.

7. In this case, there is no risk of prejudice because all parties consented to the requested relief. Also, if the United States' motion is granted, it would have minimal delay and impact on the judicial proceedings and, depending on the success of mediation, may avoid any further litigation. In fact, if the Court grants the United States' motion, it would be in the best interest of judicial economy because it will allow the parties to cooperatively work together without the Court's intervention. Further, as discussed above, the United States delayed filing this

instant motion to discuss the best approach in defending this matter and allow all parties an opportunity to weigh in on the requested relief. Lastly, undersigned counsel has acted in good faith at all times. Based on the forgoing reasons, there is good cause to grant this motion, and the *Pioneer* factors weigh in favor of the United States.

8. In light of the above, the United States respectfully requests that the Court allow the parties to participate in mediation and, pending the outcome of mediation, extend the United States' time to depose Plaintiff's expert.

Dated: December 1, 2021                    Respectfully submitted,

                                           MATTHEW M. GRAVES, D.C. Bar # 481052
                                           United States Attorney

                                           BRIAN P. HUDAK
                                           Acting Chief, Civil Division

                                           */s/ Stephanie R. Johnson*
                                           STEPHANIE R. JOHNSON
                                           D.C. Bar # 1632338
                                           Assistant United States Attorney
                                           Civil Division
                                           555 4th Street, N.W.
                                           Washington, D.C. 20530
                                           (202) 252-7874
                                           Stephanie.Johnson5@usdoj.gov

                                           *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants.* | Civil Action No. 19-1746 (JEB) |

## [PROPOSED] ORDER

Upon consideration of the United States of America's Consent Motion for Extension of Time to Complete Expert Discovery *nunc pro tunc* and the entire record in this matter, it is hereby:

ORDERED that Defendant's Motion is GRANTED; and it is further

ORDERED that the expert discovery deadline is vacated pending mediation and further order of the Court.

Dated this ____ day of _____, 2021.

_____
James E. Boasberg
UNITED STATES DISTRICT JUDGE