UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI, | |
| *Plaintiff*, | |
| v. | Civil Action No. 19-1746 (JEB) |
| UNITED STATES OF AMERICA, *et al.* | |
| *Defendants*. | |

**COMBINED [1] REPLY IN SUPPORT OF DEFENDANT UNITED STATES OF
AMERICA'S MOTION FOR SUMMARY JUDGMENT AND [2] MOTION TO STRIKE
BELATED AFFIDAVIT BY PLAINTIFF'S EXPERT**

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

March 23, 2023                    *Attorneys for the United States of America*

## <u>TABLE OF CONTENTS</u>

Table of Contents ........................................................................................................ i

Table of Authorities ................................................................................................... ii

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 2

     I.       Plaintiff's Evidence Fails to Establish the Applicable Standard of Care and Any Breach by the Smithsonian. ................................................................................. 2

     II.     The Court Should Strike Untimely Affidavit by Plaintiff's Expert Because It Was Not Disclosed in Discovery. .............................................................................. 6

     III.    Plaintiff Failed to Comply with Rule 56 and Local Civil Rule 7(h)...................... 8

     IV.    A Hearing Is Unnecessary. ................................................................................. 10

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................... 8

*Arias v. Dyncorp*,
    928 F. Supp. 2d 10 (D.D.C. 2013) ........................................................................... 6

*Bell v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*,
    Civ. A. No. 17-1221 (TJK), 2020 WL 42840 (D.D.C. Jan. 3, 2020) ................... 8

*Briggs v. Wash. Metro. Area Transit Auth.*,
    481 F.3d 839 (D.C. Cir. 2007) ...................................................................... 3, 4, 5

*Burke v. Gould*,
    286 F.3d 513 (D.C. Cir. 2002) ................................................................................. 9

*Carmichael v. West*,
    Civ. A. No. 17-1221 (BAH), 2015 WL 10568893 (D.D.C. Aug. 31, 2015) ......... 6

*Chudson v. Watt*,
    125 F. Supp. 3d 255 (D.D.C. 2015) ........................................................................ 8

*Clark v. District of Columbia*,
    708 A.2d 632 (D.C. 1997) ....................................................................................... 5

*Conn v. Am. Nat'l Red Cross*,
    149 F. Supp. 3d 136 (D.D.C. 2016) ........................................................................ 8

*Est. of Parsons v. Palenstinian Auth.*,
    651 F.3d 118 (D.C. Cir. 2011) ............................................................................. 3-4

*Frazza v. United States*,
    529 F. Supp. 2d 61 (D.D.C. 2008) .......................................................................... 3

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*,
    101 F.3d 145 (D.C. Cir. 1996) ....................................................................... 1, 3, 4

*Jackson v. Teamsters Loc. Union 922*,
    310 F.R.D. 179 (D.D.C. 2015) ................................................................................ 7

*Pannell v. District of Columbia*,
    829 A.2d 474 (D.C. 2003) ....................................................................................... 5

*Philips v. District of Columbia*,
    714 A.2d 768 (D.C. 1998) ....................................................................................... 5

*Richardson v. Korson*,
    905 F. Supp. 2d 193 (D.D.C. 2012) .................................................................... 6, 7

*Scott v. Harris*,
  550 U.S. 372 (2007) ........................................................................................ 8, 9

*SEC v. Banner Fund Int'l*,
  211 F.3d 602 (D.C. Cir. 2000) ........................................................................ 9

*Travers v. District of Columbia*,
  672 A.2d 566 (D.C. 1996) ............................................................................... 4

*Twist v. Meese*,
  854 F.2d 1421 (D.C. Cir. 1988) ...................................................................... 3

*Galvin v. Eli Lilly & Co.*,
  488 F.3d 1026 (D.C. Cir. 2007) ...................................................................... 7

*Varner v. District of Columbia*,
  891 A.2d 260 (D.C. 2006) ............................................................................... 5

## Statutes, Regulations, Rules, and Other Authorities

Fed. R. Civ. P. 26 .............................................................................................. 3-4. 6

Fed. R. Civ. P. 56 .............................................................................................. 1, 3, 4, 8, 9

## INTRODUCTION

Defendant United States of America (the "United States") respectfully submits this reply in support of its Motion for Summary Judgment (ECF No. 43, Def.'s Mot.) and in response to Plaintiff Mahtab Arsanjani's ("Plaintiff") Opposition (ECF No. 47, Pl.'s Opp.). The United States also moves to strike the belated affidavit by Plaintiff's expert.[1]

Plaintiff cannot prevail in this Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, matter without expert testimony that demonstrates an applicable standard of care and deviation from that standard by the United States. As described in the United States' Motion, Plaintiff's expert, Lew Bloch, fails to provide an articulable standard of care that the Smithsonian breached in its maintenance and assessment of the American Elm tree branch that allegedly caused Plaintiff's injuries. Instead, Bloch merely offers his unsupported personal opinion that the tree branch should have been cut down. Prior to drafting his report, Bloch admitted that he did not review any of the Smithsonian's hundreds of pages of documents recording its assessment and care of the elm tree, which included policies or protocol, maintenance records for the elm, historical data about the elm, and reports of outside expert consultants (who did not recommend removing the tree branch). Bloch also failed to review the deposition transcript of the Smithsonian's on-staff arborist at the time, Greg Huse, who—unlike Bloch—is a certified arborist currently qualified in tree risk assessment. While Bloch did purportedly read these materials before his deposition, he testified that he was not aware of the extent of the Smithsonian's

---

[1]     Pursuant to Local Civil Rule 7(m), undersigned counsel for the United States conferred with Plaintiff, through counsel, with respect to the motion to strike the belated affidavit by Plaintiff's expert and Plaintiff does not consent to the requested relief.

inspections of the tree or whether the Smithsonian had conducted any pruning when preparing his so-called expert opinion in this case.

Moreover, Bloch could not articulate during the deposition any standard upon which his so-called opinion—that the limb should have been cut back by one-third—was based.  Instead, Bloch testified throughout his deposition that such a standard does not exist.  Bloch's purported expert report and testimony fail to satisfy Plaintiff's burden of proffering through expert testimony a specific and articulated standard of care directly tied to Defendant's conduct.  Recognizing these shortcomings in her case and expert, Plaintiff attempts to correct and bolster Bloch's prior testimony by submitting an Affidavit that was never produced during discovery.  At this late date, the disclosure is untimely, and the Court should not consider Bloch's Affidavit and strike it from the record.

As discussed further below, a hearing is not warranted at this juncture because Plaintiff's proffered expert could not carry Plaintiff's burden of proof at trial, and his testimony and report fail to cross *Daubert*'s threshold for admissibility. Therefore, the Court should enter judgment in favor of the United States and dismiss Plaintiff's case as a matter of law.  Plaintiff's Opposition provides no basis to conclude otherwise.

## ARGUMENT

I.    **Plaintiff's Evidence Fails to Establish the Applicable Standard of Care and Any** **<u>Breach by the Smithsonian.</u>**

A genuine dispute does not exist because Plaintiff cannot proffer reliable expert testimony on the standard of care and whether the Smithsonian failed to exercise reasonable care in assessing and maintaining the tree.  As the United States previously argued, Plaintiff's expert's testimony and report must meet the standards set forth in Federal Rule of Evidence ("FRE") 702 and establish the applicable standard of care and a breach of the standard by the United States.  *See* Def.'s Mot.

at 12.  Plaintiff insists that Bloch's report and testimony satisfy the requirements.  *See* Pl.'s Opp. at 7-14.  Plaintiff is wrong.

Bloch's report and deposition testimony fail to establish any articulable standard of care requiring the Smithsonian to cut down the tree branch or any tree branch.  Under District of Columbia law, "the expert must clearly articulate and reference a standard of care by which the defendant's actions can be measured."  *Briggs v. Wash. Metro. Area Transit Auth.*, 481 F.3d 839, 846 (D.C. Cir. 2007) (citation omitted).  "'Generalized references' to standards are insufficient, rather the 'expert must proffer a specific, articulable (and articulated) standard of care,' and must relate those standards 'directly to the defendant's conduct.'"  *Frazza v. United States*, 529 F. Supp. 2d 61, 71 (D.D.C. 2008) (quoting *Briggs*, 481 F.3d at 846-47).  Moreover, "articulation of a specific standard is essential '[e]specially in circumstances in which . . . the defendant is alleged to have failed to protect the plaintiff from harm.'"  *Briggs*, 481 F.3d at 847 (quoting *Varner v. District of Columbia*, 891 A.2d 260, 269 (D.C. 2006)).  Under the D.C. Circuit's precedent, Bloch's generalized and conclusory references to various tree care publications fail to satisfy Plaintiff's burden of proffering a specific and articulated standard of care that is directly tied to Defendant's conduct.

As Plaintiff notes, Bloch's job is "to assess under a national standard, what the standard of care was, and whether it was breached."  Pl.'s Opp. at 11.  Even by Plaintiff's standard, Bloch did not do so.  Indeed, Plaintiff states that Bloch's sole opinion is "simple and narrow": the only solution in this case was "to cut back the branch to alleviate the danger."  *Id*. at 11.  Plaintiff accordingly argues that the Smithsonian breached the standard of care "because the branch had not been pruned."  *Id*. at 13.  Plaintiff's own expert undermines these arguments.  For instance, Bloch testified in his deposition that he has "never heard of any protocol about how long a limb

should be or how much it should weigh[.]" Def.'s Mot., Ex. J at 51.  He further testified that "there is no standard" about how often a tree should be pruned.  *Id*. at 56.  Bloch also testified that his conclusion that the branch should have been pruned was based on a single Bing Maps photograph (taken 20 months before the incident) and not on any physical inspection of the tree or any knowledge of the height or weight of the limb—data which he testified did not matter to him.  *Id*. at 74.  Without any testimony about national standards requiring pruning for branches, especially regarding the elm limb in this matter, Bloch's opinion is insufficient to meet the required standard. Indeed, without any support, he only states what he would have done instead.  And this Circuit has consistently held that "[e]xpert testimony is not sufficient if it consists merely of the expert's opinion as to what he or she would do under similar circumstances."  *Briggs*, 481 F.3d at 846 (citation omitted); *see also Travers v. District of Columbia*, 672 A.2d 566, 568 (D.C. 1996).

More importantly, Bloch acknowledged during his deposition that "there's no such thing as a safe tree that won't possibly topple or break limbs.  There's no such thing as a safe tree." Def.'s Mot., Ex. J at 76.  The law requires Plaintiff to provide relevant expert opinion that will aid the trier-of-fact, not what one particular arborist, with the benefit of hindsight of knowing the limb failed, hypothetically would have done under the same circumstances.  *See, e.g.*, *Briggs*, 481 F.3d at 846.  Plaintiff, however, fails to meet that legal burden.

Also, Plaintiff acknowledges that Bloch did not review any of the Smithsonian's voluminous records about the elm before preparing his report but argues that this is irrelevant because he eventually reviewed those materials prior to his deposition.  *See* Pl.'s Opp. at 2; *see also* Def.'s Mot., Ex. J at 26, 48 (Bloch also admits he did not review Smithsonian's records prior to finalizing his report).  Plaintiff's argument essentially negates the validity of Bloch's expert opinion because it shows that he failed to consider relevant facts to form or support his opinion.

In any event, during his deposition, Bloch testified that he did not know how often the Smithsonian had inspected the tree or whether the Smithsonian had performed any tests beyond a visual inspection.  Def.'s Mot., Ex. J at 77, 81.  He also did not know whether the Smithsonian had conducted any crown reduction of the limb but assumed it had not based on the Bing Maps photograph from 2014.  *Id*. at 49.  Again, despite Bloch's alleged review of the relevant records, his opinion and deposition testimony are clearly based on the minimal knowledge he could glean from a single photo.

Plaintiff claims that the United States relied on "cherry-picked citations to out-of-context testimony" but fails to provide any useful context clarifying the plain language of Bloch's statements that: (1) there is no protocol for how long or heavy a limb should be; (2) there is no standard for how often a tree should be pruned; (3) there are no requirements for tree inspections; and (4) his opinions are not based on "requirements" or "standards," but unspecified "guidelines." *See* Pl.'s Opp. at 9; *see also* Def.'s Mot., Ex. J at 51, 56, 72-73.  The significance of his testimony that "they're not standards" is not merely an academic exercise in semantics, it is a statement that he cannot provide what Courts explicitly require of an expert: a specific standard of care.  *See, e.g., Varner*, 891 A.2d at 269; *Pannell v. District of Columbia*, 829 A.2d 474, 479-80 (D.C. 2003); *Philips v. District of Columbia*, 714 A.2d 768, 773 (D.C. 1998); *Clark v. District of Columbia*, 708 A.2d 632, 635 (D.C. 1997).  Bloch's testimony that there is no standard that required the course of action he believed the Smithsonian should have taken is therefore not admissible expert testimony.

Plaintiff argues that a "motion for summary judgment is not a substitute for a *Daubert* hearing."  Pl.'s Opp. at 2.  However, a "trial court has discretion to conduct the reliability and helpfulness analysis that *Daubert* and [FRE] 702 require in the context of a summary judgment

motion, and to exclude expert testimony found wanting from its consideration in ruling on the motion." *Carmichael v. West*, Civ. A. No. 12-1969 (BAH), 2015 WL 10568893, at *7 (D.D.C. Aug. 31, 2015) (internal quotations and citation omitted); *see also Arias v. Dyncorp*, 928 F. Supp. 2d 10, 26 (D.D.C. 2013) (finding the testimony of plaintiff's sole expert inadmissible and granting defendant's motion for summary judgment). Where, as here, Plaintiff's expert has failed to articulate a standard of care and how the Smithsonian deviation from any standard, summary judgment is especially warranted.

## II. The Court Should Strike Untimely Affidavit by Plaintiff's Expert Because It Was Not Disclosed in Discovery.

The Federal Rules of Civil Procedure ("Rules") require parties to produce relevant documents and other relevant material in response to another parties' discovery requests. *See* Fed. R. Civ. P. 26(b), 33(b), and 34(b). Rule 26(a)(2)(B) requires expert witnesses to provide a written report containing, among other things, a "complete statement of all opinions the witness will express and the basis and reasons for them[.]" Rule 26(e) provides a "limited exception" to expert discovery deadlines by permitting supplemental expert reports "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Richardson v. Korson*, 905 F. Supp. 2d 193, 199 (D.D.C. 2012) (quotations and citation omitted). It does not "grant a license to supplement a previously filed expert report because a party wants to." *Id*. (quotations and citations omitted).

In this case, Plaintiff's expert report was due by July 27, 2021, any rebuttal expert report was due by September 14, 2021, and expert discovery closed on July 29, 2022. *See* Min. Orders of June 24, 2021, July 23, 2021, and July 7, 2022. Attached to Plaintiff's Opposition is a supplemental expert report in the form of an Affidavit of Lew Bloch, dated February 3, 2023. Pl.'s Opp., Ex. 3. Plaintiff provides this Affidavit approximately 18 months after the deadline for expert

reports set by this Court and six months after his deposition and the close of expert discovery.  The Affidavit is an improper attempt to correct and bolster Bloch's flawed report and testimony well after discovery has closed.  Plaintiff fails to explain why Bloch did not include the information in his belated Affidavit when he wrote his expert opinion or when he was deposed in this case.  The Court, therefore, should strike the Affidavit as untimely.

In any event, the belated Affidavit is still fatally flawed.  Bloch attempts to bolster his report and correct his prior testimony with the belated Affidavit by stating that he reviewed the United States' discovery responses prior to his deposition, which contained "reports of some risk assessments performed on the tree as well as some crown trimming." *Id*. at ¶ 10.  He further states that "none of this information changed my opinions as I stated in my deposition." *Id*.  The Affidavit directly contradicts Bloch's testimony that he was unaware of any protocol or standards and did not know whether the Smithsonian had performed assessments beyond visual inspections or conducted any crown reduction.  Def.'s Mot., Ex. J at 49, 51, 56, 73, 77, 81.  The use of the Affidavit for this purpose is entirely improper.  Bloch had all the relevant documents and information available to him and had the opportunity to supplement his report prior to the close of discovery and could have corrected any of testimony with an errata, but he chose neither option.  Now, in an attempt to create a question of fact, Plaintiff includes this sham affidavit; however, the sham affidavit should not be credited by the Court and stricken from the record. The "sham affidavit" rule "precludes a party from creating an issue of material fact by contradicting prior sworn testimony." *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C.Cir.2007); *see also Jackson v. Teamsters Loc. Union 922*, 310 F.R.D. 179, 181 (D.D.C. 2015).  The rule undeniably applies here because Plaintiff has not offered any explanation for why her expert's subsequent statement is more accurate or why it constitutes a "clarification" rather than a contradiction of his

deposition testimony. *See, e.g. Conn v. Am. Nat'l Red Cross*, 149 F. Supp. 3d 136, 153 (D.D.C. 2016). The Affidavit is nothing more than a belated attempt to correct his testimony and create an issue of fact.

Accordingly, such last-minute revision is improper, and the Court should decline to consider the Affidavit and strike it from the record.

### III.   Plaintiff Failed to Comply with Rule 56 and Local Civil Rule 7(h).

Plaintiff failed to comply with Rule 56 and Local Civil Rule 7(h) because some of Plaintiff's statements of material facts are not concise and fail to cite to the record. Also, Plaintiff failed to respond the United States' statement of material facts not in genuine dispute. Therefore, the Court should consider all the United States' facts as undisputed and conceded by Plaintiff.

Rule 56(c) provides that a party "asserting that a fact . . . is genuinely disputed must support the assertion" by citing parts of the record or showing that the materials cited present a genuine dispute. Fed. R. Civ. P. 56(c). Where, as here, a party fails to address another party's assertion of fact under Rule 56(c), the Court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2); *see also Bell v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, Civ. A. No. 17-1221 (TJK), 2020 WL 42840, at *1 n.1 (D.D.C. Jan. 3, 2020); *Chudson v. Watt*, 125 F. Supp. 3d 255, 258 n.1 (D.D.C. 2015). Also, Local Civil Rule 7(h) requires an opposition to any summary judgment motion to include "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated[.]" LCvR 7(h)(1). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Further, the Court "may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* This requirement is particularly important because it "isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980)).

Here, many of the paragraphs in Plaintiffs' statement of material facts are neither concise nor contain only one factual assertion. *See, e.g.*, Pls.' Smt. of Issues of Material Facts to be Litigated, ¶¶ 6, 8. Instead, many of the paragraphs consist of multiple sentences and several factual assertions. *Id.* Also, portions of Plaintiff's statement fail to "include references to the parts of the record relied on to support the statement" (*see* LCvR 7(h)) and includes legal conclusions rather than factual assertions, which is improper. *Id.* ¶¶ 1, 7, 8, 10; *see also SEC v. Banner Fund Int'l*, 211 F.3d 602, 615 (D.C. Cir. 2000) (a party opposing a motion for summary judgment "on the ground that there are material facts in dispute must 'set forth [the] specific facts showing that there is a genuine issue for trial.'") (quoting Fed. R. Civ. P. 56(e)).

Further, Plaintiff does not properly address any of the United States' statements nor respond to the United States' statements with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied or to address the substance of the numbered paragraphs. *See Banner*, 211 F.3d at 616 (where "the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should '[i]nstead . . . deem as admitted the moving party's facts that are uncontroverted.'") (internal citation omitted). Consequently, because Plaintiff has not complied with Rule 56 or Local

Rule 7(h), the Court may consider all the United States' facts as undisputed for purposes of adjudicating the United States' Motion.

**IV.** **A Hearing Is Unnecessary.**

Plaintiff requests a hearing regarding the United States' Motion for Summary Judgment. *See* Pl. Opp. at ii.  Local Civil Rule 7(f) provides the Court with broad discretion whether to hold a hearing on any matter.  *See* LCvR 7(f) (stating "[A] party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the Court.").  A hearing here is unnecessary because, as discussed in the United States' Motion and above, Plaintiff's expert's testimony and report are so deficient that neither cross *Daubert*'s threshold for admissibility. Plaintiff's request neither advances judicial economy nor aids the Court in resolving the United States' current motions.  Plaintiff's singular sentence asking for a hearing provides no basis for the request.  The Court should therefore deny Plaintiff's request for a hearing  because, at this juncture, Plaintiff's proffered expert could not carry Plaintiff's burden of proof at trial, and his testimony and report fail to cross *Daubert*'s threshold for admissibility.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, as well as those set forth in the United States' motion for summary judgment, the Court should exclude Plaintiff's expert report, strike the belated Affidavit, and grant summary judgment in favor of the United States of America.

Dated:  March 23, 2023                    Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          D.C. Bar No. 481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                                          */s/ Stephanie R. Johnson*
                                          STEPHANIE R. JOHNSON
                                          D.C. Bar No. 1632338
                                          Assistant United States Attorney
                                          601 D Street, N.W.
                                          Washington, D.C. 20530
                                          (202) 252-7874
                                          Stephanie.Johnson5@usdoj.gov

                                          *Attorneys for United States of America*

Of Counsel:

MIA HAESSLY
Assistant General Counsel
Smithsonian Institution

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHTAB ARSANJANI, | |
| *Plaintiff*, | |
| v. | Civil Action No. 19-01746 (JEB) |
| UNITED STATES OF AMERICA, *et al.* | |
| *Defendants*. | |

**DEFENDANT THE UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S
STATEMENT OF GENUINE ISSUES OF MATERIAL FACTS TO BE LITIGATED**

Pursuant to Local Civil Rule 7(h), Defendant United States of America (the "United States") submits this response and objections to Plaintiff Mahtab Arsanjani's Statement of Genuine Issues of Material Facts to be Litigated (*see* ECF No. 47-2). The United States responds to the affidavit in like numbered paragraphs as follows:

1.      A genuine issue of material fact exits as to whether the Defendant breach the standard of care.

**DEFENDANT'S RESPONSE**: This statement is an argument, not a statement of fact.  Further, Plaintiff fails to cite to the record and this point should be stricken or disregarded by the Court. *See* Fed. R. Civ. P. 56(c)(1)(A) (A party asserting that a fact is genuinely disputed must cite to a particular parts of materials in the record); LCvR 7(h)(1) (requiring an opposition to a motion to "include references to the parts of the record relied on to support the statement").  Also, Plaintiff has not submitted admissible evidence supporting this claim and she attempts to blend an alleged factual assertion with legal arguments, which is misleading. *See* Fed. R. Civ. P. 56(c)(1)(A); LCvR 7(h)(1)); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (finding that Plaintiff's failure to cite to parts of the factual record and instead blending alleged factual assertions with argument regarding their legal significance inadequate under the predecessor to Local Rule 7(h)); *Toomer v. Carter*, Civ. A. No. 11-2216 (EGS) (GMH), 2016 WL 9344023, at *4 (D.D.C. Mar. 24, 2016), *report and recommendation adopted sub nom. Toomer v. Mattis*, 266 F. Supp. 3d 184 (D.D.C. 2017) (finding that responses to the statement of material facts fall short of Local Rule 7(h)'s requirements where "they are replete with legal argument, argument regarding the inferences to be drawn from the facts, and assertions of other facts…").

2.      Plaintiff's expert Lew Bloch is a published Registered Consulting Arborist, ISA Certified Arborist, Licensed Tree Expert, with a Bachelor of Science from the University of Missouri in Agriculture.  Plaintiff's Exhibit 1("Ex. 1") Report of Lew Bloch at 9-14.

**DEFENDANT'S RESPONSE**: Immaterial.  "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) Although Plaintiff's expert may be a published Registered Consulting Arborist, ISA Certified Arborist, Licensed Tree Expert, with a Bachelor of Science from the University of Missouri in Agriculture, the material fact here is Bloch's failure to articulate and reference a standard of care by which the United States' actions could be measured and how the government deviated from that standard.

3.      Mr. Bloch conducts hundreds of consultations each year assessing tree risk, and engages in professional training in his chosen field every year.  Plaintiff's Exhibit 2, ("Ex. 2") Deposition of Lew Bloch p. 19.

**DEFENDANT'S RESPONSE**: Immaterial. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) Although Plaintiff's expert may conduct between 100-200 consultations (*see* Pl.'s Ex. 2 at 19)) each year assessing tree risk and engages in professional training in his chosen field every year, that fact is immaterial because the only material issue here is Bloch's failure to articulate and reference a standard of care by which the United States' actions could be measured and how the government deviated from that standard.

4.      In creating a three-page written report on this case, Mr. Bloch noted that his opinions, "were developed . . . in conformity with standard arborculturalist practices, and my expertise and experience as a consulting arborist…", and that he relied on various publications, which evidenced a national standard. Ex. 1 at 5.

**DEFENDANT'S RESPONSE**: Immaterial. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) Although Plaintiff's expert wrote this statement at the end of his report, that fact is immaterial because the only material issue here is Bloch's failure to articulate and reference a standard of care by which the United States' actions could be measured and how the government deviated from that standard..  Also, the citation does not support the statement that Plaintiff's expert "relied on various publications, which evidenced a national standard."

5.      Further, Plaintiff's expert opinion stated that he also relied upon the following which evidenced a national standard:

- *Evaluating Trees for Defects* by Ed Hayes

- *How to Recognize Hazardous Defects in Tree*s by The United States Department of Agriculture, Northeast Region

- *Recognizing Tree Hazards* by The International Society of Arboriculture

- *Hazard Tree Evaluation and Management* by The Bartlett Tree Research Laboratories

- American National Standard Institute (ANSI) A300 Standard, generally

- American National Standard Institute (ANSI) A300 Standard, part 9

- American National Standard Institute (ANSI) A300 Standard Annex B

- *Evaluation of Hazard Trees in Urban Areas* by Nelda P. Matheny and James R. Clark

- *The Tree Risk Assessment Manual* by The International Society of Arboriculture

- *Arboriculture* by Richard W. Harris, James R. Clark and Nelda P. Matheny

Ex. 1.  Thus, Plaintiff's expert Lew Bloch relied upon national standards to form his opinion.

**DEFENDANT'S RESPONSE**: Disputed.  The citation does not support the statement that Plaintiff's expert relied on the documents listed above or that he "relied upon national standards to form his opinion."  *See* Fed. R. Civ. P. 56(c)(1)(A); LCvR 7(h)(1); *Jackson*, 101 F.3d at 151.

6.      Mr. Bloch offered the following opinions:

- The tree was poorly structured, with the particular branch having too much end weight for its length;

- A properly conducted tree risk assessment would have diagnosed this situation; • This condition existed for many years without abatement in accordance with national standards;

- The tree was a high risk tree per national standards, but the cause of the risk could have been corrected;

- The national standard required that this particular branch be pruned;

- American Elms are susceptible to branch breakage requiring additional care an attention in assessing risk.

*See* Ex. 1; Ex. 2.

**DEFENDANT'S RESPONSE**: These bullet points should be stricken or disregarded by the Court on the grounds that Plaintiff fails to cite to the particular portion of record that supports each allegation.  *See* Fed. R. Civ. P. 56(c)(1)(A); LCvR 7(h)(1); *Jackson*, 101 F.3d at 151.  The Court is not required "to sift through hundreds of pages of" the record "to make [its] own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *see also Est. of Parsons v. Palenstinian Auth.*, 651 F.3d 118, 137 (D.C. Cir. 2011) (Tatel, J., concurring) ("The existence of a genuine dispute of material fact [ ] ordinarily turns not on a review of the entire record, but rather on the facts and portions of the record each party specifically highlights…. [J]udges are not like pigs, hunting for

truffles buried in briefs or the record[.]")

      7.     Defendant's expert, Russell Carlson, found that the Defendant did not deviate from the national standard of care, stating: .

> The analysis of the limb and the potential for internal decay requires a somewhat subjective assessment, in that there are no firm thresholds that stipulate a particular response.  Decay and associated loss of strength must be judged against the known evidence, in this case, the hardy growth of wound response and the overall good condition of the limb. Treatments including support cables and routine pruning also affected the decisions to retain the limb. It is my professional opinion that the arborists and staff of the Smithsonian Institution acted properly in their assessment and care of the American elm in front of the National Museum of Natural History. They followed a protocol of assessment and inspection, monitored the tree on a regular basis, and based their decisions on current industry guidance and published standards for care and assessment of trees.

**DEFENDANT'S RESPONSE**: Undisputed.

      8.     The Plaintiff's expert opinion is simple and narrow. A visual inspection revealed a dangerously large branch with a poorly structured canopy.  This large branch's location, specifically its overhanding of a roadway, and sidewalk, traveled by millions of people a year, posed a danger. The solution was to cut the branch.  The Smithsonian failed to do so. Ex. 1; Ex. 2.

**DEFENDANT'S RESPONSE**: Disputed. Plaintiff fails to cite to the particular portion of record that supports each allegation.  *See* Fed. R. Civ. P. 56(c)(1)(A); LCvR 7(h)(1); *Jackson*, 101 F.3d at 151. Also, disputed on the grounds that Plaintiff blends alleged factual assertions with legal argument. *See Jackson*, 101 F.3d at 148; *Robertson v. American Airlines Inc.*, 239 F. Supp. 2d 5, 8-9 (D.D.C. 2002) (finding a statement of facts that "mixes facts with argument" does nothing to assist the court in isolating the material facts, distinguishing disputed from undisputed facts, and identifying the pertinent parts of the record); *Toomer*,  2016 WL 9344023, at *4.

      9.     Defendant's expert disagrees with Mr. Bloch's opinion, noting that in his opinion "the arborists and staff of the Smithsonian Institution acted properly in their assessment and care of the American elm in front of the National Museum of National History." Def. MSJ Ex. H.

**DEFENDANT'S RESPONSE**: Undisputed. To be clear, Bloch's opinion fails to articulate and reference a standard of care by which the United States' actions could be measured and how the government deviated from that standard.

      10.    Thus, a genuine issue of material fact exists as these crucial facts are in dispute.

**DEFENDANT'S RESPONSE**: This is a legal conclusion, not a statement of any material fact. .

*     *     *

Dated: March 23, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
United States Attorney's Office
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendant*

OF COUNSEL:

MIA HAESSLY
Assistant General Counsel
Smithsonian Institution

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHTAB ARSANJANI,

        *Plaintiff*,

    v.

UNITED STATES OF AMERICA, *et al.*

        *Defendants*.

Civil Action No. 19-01746 (JEB)

### **[PROPOSED] ORDER**

UPON CONSIDERATION of the United States' Motion to Strike Belated Affidavit by Plaintiff's Expert and the entire record in this matter, it is hereby:

ORDERED that Defendant United States of America's Motion to Strike Belated Affidavit by Plaintiff's Expert is GRANTED; and it is further

ORDERED that affidavit of Plaintiff's expert is STRICKEN from the record.


SO ORDERED.


Dated this ___day of _____, 2023.


_____
JAMES E. BOASBERG
United States District Judge